813 A.2d 1258 (2003)
357 N.J. Super. 65
Orest OSTASZ, Plaintiff-Appellant,
v.
Ernest M. HOWARD, Defendant-Respondent, and
Just Four Wheels, Inc., Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted December 18, 2002.
Decided January 21, 2003.
*1259 Perskie & Wallach, Atlantic City, for appellant (Frank A. Tomasello, Jr., on the brief).
Powell, Birchmeier & Powell, Tuckahoe, for respondent (Edward N. Romanik, Bridgeton, on the brief).
Before Judges KESTIN, FALL and WEISSBARD.
The opinion of the court was delivered by
KESTIN, P.J.A.D.
Plaintiff appeals from the trial court's March 11, 2002 order granting the summary judgment motion of the remaining defendant,[*] Ernest M. Howard, and dismissing the complaint with prejudice. That order was entered, after an extended oral argument, for reasons expressed by Judge Daryl F. Todd, Sr. in an oral opinion. Judge Todd concluded that the requirements of Polk v. Daconceicao, 268 N.J.Super. 568, 634 A.2d 135 (App.Div. 1993), continue to govern verbal threshold cases under the Automobile Insurance Cost Reduction Act of 1998 (AICRA), L. 1998, c. 21, which amended this State's nofault automobile insurance laws, N.J.S.A. 39:6A-1 to -35; and that "plaintiff ha[d] not provided the [required] comparative analysis of [his] pre-existing injuries with the injuries sustained in the automobile accident which is the basis of this lawsuit."
We are in substantial agreement with the underlying principle of decision and with its application to the case at hand. We have already ruled that the requirements and approaches of Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992), continue to govern the application of verbal threshold standards under AICRA. See James v. Torres, 354 N.J.Super. 586, 590-96, 808 A.2d 873 (App. Div.2002); see also Rios v. Szivos, 354 N.J.Super. 578, 580, 808 A.2d 868 (App. Div.2002). The reasoning which informed our opinions in James and Rios regarding the Legislature's design applies to the question raised in this appeal, even more compellingly given the nature of the precise issue before us herein.
With the adoption of AICRA and its revised formulation of the verbal threshold, it was logical that a plaintiff would arguenotwithstanding the legislative statement that nothing therein "was intended to repeal otherwise applicable case law," Statement, S.B. 3, 1998 Leg. 208th Sess. (N.J.1998)that because the verbal *1260 threshold had been substantively modified, the standards for defining or determining the character of the qualifying injury needed to be re-addressed as well. The same notion does not apply to the comparative analysis requirement of Polk, however, because that case dealt exclusively with process as distinguished from substance. Nothing in the language or history of ACRA suggests a legislative aim to modify the proof requirements for a verbal threshold case. Indeed, the legislative statement quoted above bespeaks a contrary intendment.
Affirmed.
NOTES
[*] The complaint had been dismissed as to the other defendant, Just Four Wheels, Inc., via a stipulation ol dismissal with prejudice filed on June 8, 2001.